**In re: Richard J. CASTALDO, Jr., Debtor,**

**Richard J. Castaldo, Jr., Debtor–Appellant,**

v.

**The Bank of New York, as Trustee Under the Pooling & Servicing Agreement Dated as of November ·30, 1995, Series 1995–C, Creditor–Appellee,**

and

**Jeffrey L. Sapir, Chapter 13 Trustee, Appellee.**

No. 07–1840–bk.

United States Court of Appeals, Second Circuit.

Sept. 11, 2008.

154 F.3d 34, 43 (2d Cir.1998) (internal quotation marks omitted).

Richard J. Castaldo, Jr., pro se.

Lisa Milas, Rosicki, Rosicki & Associates, Plainview, NY, for Creditor–Appellee.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

On Appeal from the Judgment, entered April 2, 2007, of the United States District Court for the Southern District of New York (Brieant, *Judge*), which dismissed: (1) the debtor-appellant's appeal from a December 15, 2006 order denying his motion to renew or reargue his objections to a proof of claim filed by creditor-appellee The Bank of New York, and (2) his appeal from a dismissal order, entered December 21, 2006, both of the United States Bankruptcy Court for the Southern District of New York (Morris, *Bankruptcy Judge*).

The facts relevant to the debtor-appellant's claims, with which we assume the parties' familiarity, are most fully set forth in the memorandum decision, dated Dec. 7, 2006, of the United States Bankruptcy Court for the Southern District of New York. *See In re Castaldo*, 2006 WL 3531459 (Bkrtcy.S.D.N.Y. Dec.7, 2006).

The district court affirmed the bankruptcy court's holding that the debtor-appellant's challenge to the proof of claim filed by creditor-appellant The Bank of New York was barred by the *Rooker–Feldman* doctrine. We review this decision de novo. *See Hoblock v. Albany Co. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). The doctrine bars federal court review of claims brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] court proceedings commenced and inviting [federal] court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). The doctrine clearly applies to this case where the debtor-appellant challenges a Judgment of Foreclosure and Sale obtained by the creditor-appellee from New York State Court for Orange County. Thus, we affirm the district court's holding in this regard.

The district court also upheld the bankruptcy court's dismissal of the debtor-appellant's case due to his failure to follow a specific direction of that court to file an amended Chapter 13 reorganization plan. We review this dismissal pursuant to a clearly erroneous standard, *see, In re C–TC 9th Ave. P'ship*, 113 F.3d 1304, 1312

(2d Cir.1997), and we again find no reason to disturb the district court's holding because Castaldo's appeal was clearly untimely.

For the reasons stated above, the district court's judgment is **AFFIRMED.**